USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
  MILWAUKEE ELECTRIC TOOL                                       :
  CORPORATION,                                                  :
                                                               :
                                                               :
                                                               :
                                    Plaintiff,                  :          1:26-cv-2720-GHW
                                                               :
                                                               :
                        -against-                              :          ORDER
                                                               :
  The individuals, corporations, limited liability             :
  companies, partnerships, and unincorporated                  :
  associations identified on Schedule A,                        :
                                                               :
                                    Defendants.                 :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 2, 2026, Plaintiff filed this trademark infringement action.  Dkt. No. 1.  The case

was assigned to the undersigned later that evening.  Plaintiff has requested that the Court grant it a

temporary restraining order.  The Court requests additional information before acting on the

request.

First, the Court requests supplemental briefing regarding the likelihood of success on the

merits.  The case involves many different products that allegedly infringe upon a large number of

separately registered marks.  It is not a case involving a single product.  Plaintiff's briefing is

extremely generic; it is not tailored to the products or trademarks at issue.  Plaintiff's brief argues

only the following:  "Plaintiff has submitted extensive documentation showing that Defendants are

selling Infringing Products that look similar to genuine Plaintiff's products and use infringing and

counterfeit marks identical to the Marks."  Dkt. No. 10 at 7.  The extensive documentation

referenced is a 200-page long document showing products and the mark that is allegedly infringed.

Plaintiff asks the Court to review a series of exhibits to determine on its own that the products are

infringing, without explanation from Plaintiff.  The Court requires more in the context of this case.

This is particularly true because it appears that Plaintiff is claiming that a word mark that includes a graphical image prevents certain defendants from producing clothing that bears the graphical image alone.  While Plaintiff claims a trademark in the graphical image alone, it is not for clothing or for certain of the other products allegedly branded with that mark.  Plaintiff's supplemental briefing should address, among other things, why uses of the graphical image alone violate Plaintiff's word mark, particularly given that Plaintiff claims a trademark in the graphical image that does not cover the categories of goods that it claims to constitute violations.  *See, e.g.*, Dkt. No. 14 at ECF pages 162, 192.

In counsel's affirmation in support of the application, he affirms that he has reviewed the Hague Convention.  Dkt. No. 11 ("Mu Decl.") ¶ 11.  He then writes the following:  "The Hague Convention does not preclude service by email."  *Id.*  Given that this case involves entities that Plaintiff asserts to be located in China, this statement by Mr. Mu appears to be inconsistent with the law of this Circuit, as expressed in *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 166 (2d Cir. 2025).  Any supplemental submission should explain why counsel's statement that the Hague Convention does not preclude service by email in China was consistent with his obligations under F.R.C.P. 11 in light of the governing law in this Circuit.

The Court also observes that the memorandum of law presented to the Court in support of the requested temporary restraining order fails to cite to the Second Circuit's decision in *Smart Study*. Instead, it cites cases from other circuit courts of appeals and a district court opinion that predates *Smart Study*.  The Court reminds counsel of his duty of candor to the court, in particular Rule 3.3(a)(2) of the New York Rules of Professional Conduct.

In addition, the Court requests supplemental information and briefing regarding the steps

used by Plaintiff to identify the addresses of the defendants.  Counsel's affirmation states:

> Someone working under my supervision has attempted to locate the Defendants based upon the information provided on Defendants' websites.  As part of that process, both Google Maps and Baidu Maps were utilized to attempt to locate and verify the addresses.

Mu Decl. ¶ 12.  It is not apparent that this and the other statements in counsel's affirmation provide sufficient detail regarding the process used by Plaintiff to ascertain the addresses of Defendants. The Court requests that Plaintiff provide a more detailed affidavit regarding the steps that it took to do so.  Counsel's supplemental submission should provide briefing to explain why that level of effort satisfies the diligence requirement that might permit it to take the position that the Hague Convention does not apply here.  The need for supplemental briefing is acute here, where the affidavit suggests that the only steps taken to identify the defendants' addresses was a Google search.

Moreover, in counsel's affirmation in support of the motion, he broadly asserts that "few, if any, Defendants provided a complete and accurate physical address on the e-commerce store." *Id.* He attaches a document with screenshots, but provides no information regarding the meaning of the information contained in those screenshots or how they were compiled—leaving that information to be inferred by the Court.  Nor does he explain whether the compilation details information regarding all of the defendants or, as suggested by his affirmation, just a subset of them.  Any renewed affirmation should contain an express affirmation regarding the information obtained for each Defendant.  Counsel should not expect the Court to determine on its own whether the group of Defendants shown in the exhibits constitutes all, or just a subset of the defendants.

Moreover, the Court requests that in any renewed application, counsel provide additional information regarding the alternative method of service requested.  The declaration provided to the Court does not clearly provide a factual basis upon which the Court can conclude that the mechanism outlined will reach each of the defendants.  Counsel's supplemental briefing should explain in more detail why the process that he requests the Court adopt complies with the law.  The

3

memorandum of law provided to the Court provides no legal support for the conclusion that the proposed method of service complies with constitutional due process or other applicable law.

The Court defers ruling on the requested injunctive relief to provide Plaintiff with the opportunity to supply the supplemental briefing and factual information requested here.

SO ORDERED.

Dated: April 3, 2026

_____
GREGORY H. WOODS
United States District Judge